## PICKEL STONE COMPANY, Appellant, v. WALL, Respondent.

### St. Louis Court of Appeals, November 29, 1904.

1. **RES JUDICATA.** A final judgment becomes conclusive of all questions of law and fact decided, so that the same controversy can not be litigated in another suit between the same parties.

2. ———: **Conditions.** In order that a judgment may be *res judicata*, four conditions must coexist: identity of the thing sued for; identity of cause of action; identity of parties; identity to the quality of the persons for or against whom the claim is made.

3. ———: **Possible Defenses.** Where a defense might have been pleaded to a cause of action, the defendant is concluded by the judgment as to that defense the same as if it had been pleaded and evidence introduced in its support.

4. ———: ———. A former suit was for the conversion of a note which had been delivered to arbitrators as a guaranty of good faith in the performance of the award, and by them delivered to the payee, one of the parties to the arbitration, the plaintiff claiming that the arbitration was invalid. The defense was that the arbitration was valid, and, in addition, the account on which the award was based was, or could have been, attacked in defense. The arbitration was held invalid and judgment was for plaintiff. *Held*, in an action on the same account brought by the defendant, the former judgment was *res judicata*.

Appeal from St. Louis City Circuit Court.—*Hon. R. M. Foster*, Judge.

AFFIRMED.

*Geo. W. Lubke, Jr.*, for appellant.

(1) The thing sued for and the cause of action in the former suit between the parties are entirely different from that in the case at bar. The judgment in the former case is, therefore, no bar to this action. "To make a matter *res judicata*, there must be a con-

currence of the four conditions following: identity of the thing sued for; identity of the cause of action; identity of persons and parties to the action; identity to the quality of the persons for or against whom the claim is made.'' Railroad v. Commissioners, 12 Kans. 127; Winham v. Kline, 77 Mo. App. 46; State v. Hollinshead, 83 Mo. App. 682. (2) In the former suit between the parties the sole issue was whether a note for $400 had been unlawfully converted by the defendant. Had it been determined that the note was not unlawfully converted, the claim of the plaintiff (defendant in the former suit) asserted in the case at bar would have remained extinguished. It having been determined, however, that the note was converted, ''the present cause of action was created by the judgment'' in the former suit, using the language of this court in Barkhoefer v. Barkhoefer, 93 Mo. App. 381, 67 S. W. 674. (3) The issue in the former suit is entirely different from that in the case at bar and for that reason the former judgment is no bar to this action. Ford v. Hennessey, 70 Mo. 580; Martin v. Trail, 142 Mo. 89, 43 S. W. 655; Davidson v. Mayhew, 169 Mo. 258, 68 S. W. 1031; Linville v. Rhoads, 73 Mo. App. 217; Ridgley v. Stillwell, 27 Mo. 128. (4) In the former suit no pleading was filed by the defendant. It must, therefore, have been regarded to have pleaded only the general issue. Beck v. Kinealy, 89 Mo. App. 418; Sherman v. Rockwood, 26 Mo. App. 403. (5) In order that any matter may be said to have passed *in rem judicam* it must have actually been tried and passed on by the court. Nelson v. Barrett, 123 Mo. 564, 27 S. W. 520; Short v. Taylor, 137 Mo. 517, 38 S. W. 952; Garland v. Smith, 164 Mo. 1, 64 S. W. 188; Shepherd v. Padgitt, 91 Mo. App. 473; R. S. 1899, sec. 3852; Mason v. Summers, 24 Mo. App. 174; Case v. Gorton, 33 Mo. App. 597.

*Klene & Welsh* for respondent.

(1) The judgment of a court of competent jurisdiction directly upon the same point as a plea in bar, or as evidence, between the same parties and their privies is a complete estoppel in every other jurisdiction. Mason v. Summers, 24 Mo. App. 174. (2) The former judgment is conclusive when the issue was necessarily decided in former suit, though no specific finding as to that issue appears. Short v. Taylor, 137 Mo. 517, 38 S. W. 952. And is a bar when facts supporting both suits are necessarily involved. Dickey v. Heim, 48 Mo. App. 114. (3) Judgment is also conclusive when, as a defense to another suit, it was within the power to have made it, but was not owing to lack of knowledge of the facts making the defense. Hamilton v. McLean, 169 Mo. 51, 68 S. W. 930. (4) The matters presumed to have been adjudicated are such as are affirmed in the petition, or pleaded in defense, or such as might have been tendered as a defense. Case v. Gorton, 33 Mo. App. 597. And must have been on matter directly and not collaterally raised. Ridgley v. Stillwell, 27 Mo. 128. And it is immaterial whether the proceeding was a proper one to try or decide the issues. Murphy v. De France, 101 Mo. 155, 13 S. W. 756. And a former adjudication is a valid defense in the second suit even though it failed in the first for want of sufficient evidence to establish it, which the parties in the second case were able to supply. Shelbina Hotel Asso. v. Parker, 58 Mo. 327.

REYBURN, J.—On appeal from judgment before a justice in plaintiff's favor, this action was tried anew in the circuit court, and under instruction of the court a verdict for plaintiff for $128.17 was returned, being the amount deposited by defendant with the clerk for use of plaintiff. Plaintiff, a corporation, was owner of a sawmill, by which it shaped cut stone of dimensions required for building purposes and defendant was

a builder of stonework. When the stone involved in this controversy was contracted for, one Allen was general contractor erecting a residence in Portland Place, in the city of St. Louis, and defendant was his subcontractor to furnish, in the walls, the cut stone for such building. During the progress of the work, in March, 1899, plaintiff and defendant went over the account of stone delivered up to that time, resulting in a balance of $916.08 being determined on as due plaintiff, and its president, dissatisfied with the payments made by defendant, refused further deliveries unless it was secured both for amount then unpaid and for stone required to complete the house. Thereupon the following agreement was executed by plaintiff April fifth, 1899, and delivered to Allen, general contractor, and the orders therein recited were executed by defendant and delivered to plaintiff, the agreement being in this form:

"Richard B. Wall having issued two certain orders upon E. T. Allen, contractor for residence for Cornelia J. Fach, Portland Place, near Lake avenue, payable to Pickel Stone Co., for materials and labor furnished, and to be hereafter furnished for the erection and completion of cut stonework of said residence, the Pickel Stone Company hereby agrees to furnish all sawed Bedford stone that may be necessary to complete the work, as it is needed, and as fast as possible, and further agrees to relinquish all and every claim or lien against said residence upon the payment of the amount of said orders, the aggregate amount of which is eleven hundred and twenty-five dollars ($1125). One for seven hundred and seventy-five dollars ($775) and the other for three hundred and fifty dollars ($350). This applies to sawed Bedford stone only.

"PICKEL STONE COMPANY."

The orders were paid; the second contained a clause to the effect that it was in full for all stone

furnished on the residence designated. After the delivery of the stone had been completed, plaintiff began to press defendant for payment of a balance claimed in excess of the amount liquidated by the orders and the defendant gave plaintiff a check for $100 which, however, was not honored and plaintiff brought suit before a justice for balance claimed; after this suit, the parties agreed to arbitrate their differences and arbitrators were chosen and a note for $400 executed by defendant to plaintiff with an indorser, was delivered to the arbitrators named as a guaranty of performance of their award, and which was to be delivered to plaintiff with proper credits, if any, after hearing, if a conclusion adverse to the defendant was reached, and thereupon the pending action was dismissed. It is conceded that the arbitrators took no oath, called no witnesses and received no sworn statements, nor was there any hearing before them, but plaintiff submitted for their inspection its dray tickets and books, and defendant discussed with them the controversy. In October, 1899, the arbitrators determined that defendant was indebted to plaintiff in the sum of $388.17 and made an award in writing to that effect, delivering the note and receiving from plaintiff for defendant the difference between the amount of the note and their award. Thereupon this defendant, as plaintiff, brought suit against plaintiff, which had discounted the note (the indorser paying it after maturity), for its wrongful conversion. In this action for conversion, respondent here submitted evidence tending to show there was no valid or legal arbitration between the parties for the reasons assigned and the appellant, defending therein, offered evidence to sustain the binding force and validity of the arbitration and that there was an indebtedness from plaintiff to defendant, and the court rendered judgment for plaintiff which was satisfied. The tender of defendant, for which amount the verdict was directed, represented the price with accrued inter-

est of columns furnished but not in contemplation when the agreement and contemporaneous orders were executed, an indebtedness which defendant never disputed. All these actions originated in justices' courts and no pleadings for the respective defendants were filed therein. The testimony, oral and documentary, introduced at the hearing of the case disclosed the facts above narrated and from judgment stated, appellant has appealed, thus presenting as the actual and substantial question, whether the judgment in the first suit operated as a bar to plaintiff's recovery herein. It is well settled that a controversy after trial and final judgment becomes conclusive of all questions of law and fact decided and cannot be again litigated in another suit between the same parties. Case v. Groton, 33 Mo. App. 597. But to constitute the judgment in the former a barrier to recovery by plaintiff in this proceeding, four conditions must coexist, identity of the thing sued for, identity of the cause of action, identity of parties to the action, and identity to the quality of the persons for or against whom the claim is made. Williams v. Kline, 77 Mo. App. 36. The parties to both proceedings were the same and the only dispute between the parties was whether a balance remained due and unpaid plaintiff and this claim the cause of action in this suit, if not interposed as a defense to the former action, could have been so pleaded, the opposing testimony was directed to establish or negative such claim and if omitted the plaintiff is concluded to same extent as if pleaded. Mason v. Summers, 24 Mo. App. 174. The subject of both actions was the same, being the indebtedness of defendant to plaintiff. We cannot yield to the claim advanced that the judgment and pleadings in the former suit conclusively show that the indebtedness asserted in this action could not have been litigated in the former suit, for the record tends in the opposite direction towards demonstrating that it was litigated adversely to this

plaintiff, and this judgment unreversed and unappealed from now remains an insurmountable obstacle to plaintiff's reopening such finally-disposed-of controversy in this, a new action. Nor is this conclusion shaken by the fact that the record in the former suit revealed no adjudication of the amount of $100 on which the tender was based, for his liability for such sum to plaintiff was never disputed by this defendant of which he asserts the dishonored check was in payment and it could not, therefore, have entered into the former controversy. The constitutive elements enumerated essential to concur to sustain the plea of *res adjudicata* in our opinion existed and the judgment in the action for conversion barred the plaintiff from maintaining his claim in this proceeding.

The judgment is affirmed. All concur.