EDWIN W. MARSTON, Plaintiff in Error, v. LUCH CATTERLIN, Administratrix of Estate of JOHN M. CATTERLIN.

Division Two, November 19, 1921.

1. **ACCOUNTING: Land in Another County: Prayer for Compulsory Conveyance.** Where plaintiff brought suit to set aside a sale under a deed of trust and to cancel a trustee's deed conveying to defendant land in the county in which the suit is brought, and pending the suit, without notice of *lis pendens,* defendant conveyed the land, receiving in exchange as part payment land in another county, and the court adjudged that, under such circumstances, the plaintiff is entitled, by a suit for an accounting, to recover from defendant the value of the land so conveyed to him by the trustee, the said defendant cannot be compelled, in the suit for an accounting, to convey the land in the other county so received by him in exchange, for the court does not have territorial jurisdiction to compel such conveyance; but the court has power, under the prayer

for general relief, to compel defendant to account to plaintiff for the value of such land so received in exchange, although there is no specific prayer for such relief.

2. **EQUITY: General and Specific Prayer: Prayer for Conveyance: Judgment for Accounting.** A court of equity may grant any relief consistent with the allegations of the petition. Where the petition contains a prayer for specific relief it may give a different relief; under a prayer for general relief it may, instead of granting a specific prayer to compel defendant to convey certain land to plaintiff, compel defendant to account for its value.

3. **ACCOUNTING: Limitations: Pendente Lite.** The Statute of Limitations does not run while a suit involving the subject-matter is pending. Where plaintiff filed suit in 1903 asking that a certain deed be cancelled, for an accounting for rents and profits, and for general relief, and on appeal the judgment for defendant was reversed and the cause remanded, and thereafter in 1912 plaintiff filed an amended petition, alleging that pending the suit defendant had conveyed the land and asking for an accounting and for general relief, and on an appeal the judgment adjudging that plaintiff was not entitled to the proceeds of the sale was reversed and the cause remanded with directions to proceed with a new trial on the question of accounting, either party to amend his pleadings so as to draw the issue upon that question more clearly, a second amended petition filed in 1917, stating the items of the account, was not barred by the five-year Statute of Limitations, for it did not declare on a new or different cause of action, and the suit had been pending at all times since 1903.

4. ———: ———: ———: **Directions of Appellate Court.** Where the Supreme Court remands a cause with express directions to the trial court to proceed with a new trial on the question of an accounting between the parties, that direction becomes the law of the case, and it is the duty of the trial court to take the accounting, and not to adjudge that an amended petition, which states no new or different cause of action, is barred by limitations.

5. **DEFENSES: Not Pleaded: Waiver.** Where a defense might have been pleaded but was not, the defendant is concluded by the judgment as to that defense the same as if it had been pleaded and evidence introduced in its support.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED.

Marston v. Catterlin.

*Bowersock & Fizzell* and *Chastain & Smith* for plaintiff in error.

(1) The adjustment of the accounts between plaintiff and Catterlin was the only question properly before the circuit court. Citizens Bank v. Donnell, 195 Mo. 564; Keaton v. Jorndt, 159 Mo. 179; Rees v. McDaniel, 131 Mo. 681; State ex rel. Wattenbarger v. Lamb, 174 Mo. App. 360; Ward v. Haren, 183 Mo. App. 569; Meyer v. Bobb, 184 S. W. (Mo.) 105; Keltner v. Harris, 204 S. W. (Mo. App.) 561. (2) The decision of the Supreme Court that plaintiff is entitled to the proceeds of the Bates County land is the law of the case. In re Potts, 166 U. S. 263; In re Fork & Tool Co., 160 U. S. 247; Scott v. Imp. Co., 255 Mo. 76; Benton v. St. Louis, 248 Mo. 98; Chapman v. Railroad, 146 Mo. 481; Railroad v. Bridge Co., 215 Mo. 286. (3) The Statute of Limitations does not run *pendente lite.* State ex rel. Brown v. Wilson, 216 Mo. 215; Courtney v. Blackwell, 150 Mo. 245; Long v. Long, 141 Mo. 352; Southwest Nat. Bk. v. McDermand, 187 S. W. 121. (a) The suit is not for money only. (b) The claim to the proceeds of the land did not arise at the time of the sale by Catterlin in 1904. MacMullan v. Kelly, 124 Pac. 93; Murray v. King, 153 Mo. App. 710; Watson v. Payne, 149 Mo. App. 721; Canada v. Daniel, 175 Mo. App. 55. (c) The action was commenced in 1903, not in 1912. (4) Defendant has waived the Statute of Limitations as a defense by the failure to plead it upon the filing of the supplemental petition in 1912. Whiteside v. Magruder, 75 Mo. App. 364; Boyce v. Christy, 47 Mo. 70; Bank v. Clifton, 263 Mo. 200; American Radiator Co. v. Heating Co., 211 S. W. 56; McClintock v. Robertson, 136 S. W. 975; Orke v. McManus, 129 N. W. 68; Ingold v. Symonds, 111 N. W. 802; Wheeler v. Aberdeen, 92 Pac. (Wash.) 135; Pickel Stone Co. v. Wall, 108 Mo. App. 495; Lyman v. Harvester Co., 68 Mo. App. 637; Ficener v. Bott, 47 S. W. (Ky.) 251; In re Cook's Estate, 122 N. W. (Ill.) 578. (5)

The circuit court erred in striking out of the amended supplemental petition all reference to the Jackson County land. Massie v. Watts, 6 Cranch (U. S.) 148; Muller v. Dows, 94 U. S. 444; Savings Bank v. Houchens, 115 Fed. 96; Wilhite v. Skelton, 149 Fed. 67, 78 C. C. A. 635; Salton Sea Cases, 172 Fed. 792, 97 C. C. A. 214, 215 U. S. 603; Clark v. Fruit Co., 185 Fed. 604; McCune v. Goodwillie, 204 Mo. 306; State v. Jackritz, 166 Mo. 307; Olney v. Eaton, 66 Mo. 563.

*W. O. Jackson* and *Silvers & Silvers* for defendant in error.

(1) The Court of Appeals had no jurisdiction in the premises, because the title to certain real estate located in Jackson County, is involved, and will be affected by any judgement that might be rendered in this matter. Kemmel v. Nine, 121 Mo. App. 718. (2) In the second amended supplemental petition, filed by plaintiff in error in the Circuit Court of Bates County in 1917, such plaintiff sought to compel a conveyance of land in Jackson County, by the defendant, and if he failed, to divest him of title and vest same in plaintiff; and the circuit court of such county had no jurisdiction over land in Jackson County, R. S. 1909, sec. 1753; Ensworth v. Holly, 33 Mo. 370; Carr v. Lewis Coal Co., 96 Mo. 155; State ex rel. v. Meunch, 225 Mo. 210, 222; State ex rel. v. Grimm, 243 Mo. 673; State ex rel. v. Reynolds, 265 Mo. 94, 190 Mo. App. 618; Castleman v. Castleman, 184 Mo. 438. (3) A court of equity has extra territorial jurisdiction when the proceeding is purely *in personam.* It has no jurisdiction over property in a proceeding *in rem,* where such property is beyond the jurisdiction of the court. State ex rel. v. Meunch, 225 Mo. 210, 224. (4) This proceeding against Lucy Catterlin was not a personal proceeding, but purely a proceeding *in rem* in so far as it affected the land in Jackson County, and the Circuit Court of Bates County was powerless

to enforce a proceeding *in rem* against such property. R. S. 1909, sec. 1753; State ex rel. v. Reynolds, 265 Mo. 94; State ex rel. v. Grimm, 243 Mo. 673. No claim was made for the proceeds for more than seven years after the sale of the land. The contention had always been for the land *in specie*. This claim for the proceeds made seven years after the land was sold was clearly barred by the five-year Statute of Limitations. Simms v. Field, 24 Mo. App. 557; Baker v. Railway, 34 Mo. App. 98; Lumpskin v. Collier, 67 Mo. 170; Anderson v. Cahoon, 193 Mo. 547. (5) The amended supplemental petition filed in 1917 was so different that the evidence introduced to sustain the original bill filed by plaintiff would not prove or support the allegations of the amended supplemental petition. Such amended supplemental petition being new, the Statute of Limitations runs from the time the cause of action originated as set out in the new and substituted petition. Wasson v. Roland, 136 Mo. App. 629; Henan v. Glann, 129 Mo. 325; Lumpskin v. Collier, 69 Mo. 170; Scoville v. Glasner, 79 Mo. 449; McHue v. Transfer Co., 170 Mo. 85; Simms v. Field, 24 Mo. App. 557. (6) The plaintiff's right of action for the proceeds of this land, if any he had, accrued when he took a note for the sale of the land or when the proceeds were invested in the Jackson County land in 1905. (7) No claim or contention was made for the Jackson County land or any interest therein until 1917, more than ten years after the land was put in the name of John M. Catterlin and a record thereof made in the recorder's office in Jackson County. Such claim was barred by the ten-year Statute of Limitations. (8) There was no concealment on the part of Catterlin so as to toll the running of the statute, because his trust deed on the Bates County land was filed of record in 1904 and his deed to the Jackson County land was filed of record in 1905. Plaintiff was bound to take notice of these records. Hudson v. Cahoon, 193 Mo. 547; Johnson v. Ry., 243 Mo. 297. (9) The five year Stat-

ute of Limitations runs as against a resulting trust. Hudson v. Cahoon, 193 Mo. 547; Johnson v. Ry. Co., 243 Mo. 300; Landis v. Saxon, 105 Mo. 489; Bank v. Barker, 145 Mo. 356; Johnson v. Ry., 243 Mo. 279, 294. (10) The Statute of Limitations can be invoked as against new matter set up in the amended petition. Hudson v. Cahoon, 193 Mo. 547; Simms v. Field, 24 Mo. App. 557; Baker v. Ry., 34 Mo. App. 98; Gibbons v. Steamboat, 40 Mo. 253; Wasson v. Roland, 136 Mo. App. 627; Lumpskin v. Collier, 69 Mo. 170. (11) The defendant had the right to answer or demur to any pleading filed by the plaintiff under the last decision of the Supreme Court. Ward v. Haren, 183 Mo. 569.

HIGBEE, P. J.—Plaintiff brought an action in the Circuit Court of Bates County, on December 3, 1903, against John M. Catterlin, praying the court to set aside a sale under a deed of trust and to cancel the trustee's deed conveying a tract of about eighty-seven acres in said county to Catterlin, or to allow him to redeem the same, with an accounting for the rents and profits, and for general relief. On the trial of the cause on December 12, 1904, the court found for the defendant. On appeal this court, on February 5, 1912, reversed the judgment and remanded the cause, holding that the property should be awarded to the plaintiff, subject to a certain claim of the defendant for reimbursement, and that the defendant must account for the rents and profits. [Marston v. Catterlin, 239 Mo. 390.]

On June 11, 1912, plaintiff filed an amended petition stating, *inter alia,* that during the pendency of the action Catterlin had conveyed the land, and that by mesne conveyances the title had vested in one Joseph Hodnett, who was made a co-defendant to the action. The amended petition also prayed the cancellation of said conveyances as fraudulent and without consideration, or, if Hodnett should be held to be a purchaser in good faith, that Catterlin be required to account for the proceeds of the sale of the land and for rents and profits and for

general relief.   On December 2, 1914, judgment was
rendered that plaintiff was entitled to the land, subject
to a lien in favor of Hodnett for $348.10 with interest,
and that plaintiff was not entitled to the proceeds of the
sale of said real estate, from which judgment plain-
tiff and Hodnett appealed.   On February 2, 1917, this
court reversed the judgment and remanded the cause
with directions to the trial court "to dismiss the bill
as to defendant Hodnett, and to proceed with a new
trial on the question of an accounting as between the
plaintiff and the defendant Catterlin.   And to this end
either party may, if he so desires, so amend the plead-
ings as to more clearly draw the issue upon that ques-
tion."   [Marston v. Catterlin, 270 Mo. 5.]

On April 26, 1917, plaintiff filed a second amended
petition, alleging, in addition to the averments in the
former petitions, the result of the second appeal, that
Catterlin (who was made sole defendant) had received
from Hodnett over $2000 as the purchase price of the
Bates County land and had also received in exchange
and as part of the consideration therefor a tract of
three and one-half acres in Jackson County, and that he
held said last named tract in trust for plaintiff.   The
petition prayed that Catterlin be required to account
for the rents and profits of said eighty-seven acres of
land, and for all the proceeds he had received from the
sale thereof, and that he be required to convey to plain-
tiff the said three and one-half acres in Jackson County,
and in default thereof that the title to said premises be
divested out of defendant and vested in fee in plaintiff
(subject to a lien in favor of defendant not necessary
to be mentioned here), and for other equitable relief.

On October 12, 1917, the court sustained a motion
to strike from the petition all the allegations therein re-
ferring to the land in Jackson County, on the ground that
it was without the jurisdiction of the court, and for the
reason that it appeared from the face of the petition
that plaintiff's claim to the land in Jackson County is
barred by the Statute of Limitations.   On May 8, 1919,

Catterlin died, and on May 26, 1919, the cause was revived against his administratrix, Lucy Catterlin. Thereafter, on October 15, 1919, the administratrix filed a demurrer to the amended petition on the ground that it failed to state facts sufficient to constitute a cause of action, and that the cause arose more than five years before plaintiff sued for the proceeds of the sale of the Bates County land. The court sustained the demurrer on the ground that it was barred by the Statute of Limitations, and rendered final judgment for the defendant.

A writ of error was issued by the Kansas City Court of Appeals, and thereafter the cause was transferred to this court for the reason that title to real estate was involved.

On the first appeal we held that plaintiff was entitled to the Bates County land, and that Catterlin must account for the rents and profits. In the meantime Catterlin had conveyed the land and the title had vested in Hodnett. On the second appeal, it was held that Hodnett did not know of the plaintiff's equity at the time he purchased the Bates County land. It was admitted that the statutory notice of *lis pendens* was not filed prior to its purchase; hence, he did not have constructive notice. It was also held that the petition was sufficient to entitle the plaintiff to an accounting for the proceeds of the sale of the land. The judgment was reversed, and the cause remanded with directions, as heretofore stated.

I.  Did the court err in striking from the second amended or supplemental petition the averments as to the three and one-half acres of land in Jackson County? According to these averments, Catterlin received a conveyance to this tract in exchange, in part, for the sale of the Bates County land. The prayer of the petition was that Catterlin be required to convey this tract to plaintiff, and for general relief. Section 1179, Revised Statute 1919, provides that suits for the possession of real estate or whereby the title thereto may be affected  .  .  . shall be brought in the county where such real estate or

Prayer - for Conveyance: Judgment for Accounting.

some part thereof is situated. A judgment requiring Catterlin to convey the tract in question would, therefore, be beyond the jurisdiction of the trial court. [State ex rel. v. Grimm, 243 Mo. 667, 673; State ex rel. v. Cave, 272 Mo. 653, 668.] But the mandate of this court required the trial court to take an accounting of all the proceeds Catterlin received from the disposition of the Bates County land. When a court of equity one acquires jurisdiction of a cause, it will retain it to do full and complete justice. The court may give any relief consistent with the allegations, and where the petition contains prayers for specific relief, it may also give relief different from the specific relief sought. Under the prayer for general relief the court had power to take an accounting of the value of the Jackson County tract and to render a judgment therefor. [Holland v. Anderson, 38 Mo. 55; McLure v. Nat. Bank of Commerce, 252 Mo. 510, 518 *et seq.*].

II.  The learned trial court also erred in sustaining the demurrer to the second amended petition on the ground that the cause of action set up therein accrued more than five years before such amended petition was filed. This action was commenced in the year 1903. On an appeal from the judgment, this court held, in effect, that Catterlin was a trustee *ex maleficio* and reversed the judgment and remanded the cause. Meanwhile Catterlin had conveyed the land and the title had vested in Hodnett. An amended petition was filed praying that the title be divested out of Hodnett, or for the proceeds of the sale if he were found to be an innocent purchaser. The Statute of Limitations was not interposed as a defense. The statute does not run *pendente lite*. The second amended petition does not declare upon a new or different cause of action; it asks for an accounting for the proceeds of the sale of the land. The statute was not available as a defense. [Long v. Long, 141 Mo. 352, 368; Courtney v. Blackwell, 150 Mo. 245, 271.]

*Limitations.*

Aside from these considerations the mandate of this court on the second appeal in express terms required the trial court to proceed with a new trial on the question of an accounting as between the plaintiff and the defendant Catterlin. The trial court should have proceeded and taken the accounting in obedience to our mandate. It is the law of this case. [Cape Girardeau & Thebes Bridge T. R. Co. v. Southern Ill. & Mo. Bridge Co., 215 Mo. 286; Citizens National Bank v. Donnell, 195 Mo. 564; Keaton v. Jorndt, 259 Mo. 179.] It is a familiar doctrine that where a defense might have been pleaded, the defendant is concluded by the judgment as to that defense the same as if it had been pleaded and evidence introduced in its support. [Pickel Stone Co. v. Wall, 108 Mo. App. 495.] But this suit was instituted in 1903 and not in 1917.

The judgment is reversed and the cause remanded with directions to the trial court to take an accounting as directed on the second appeal.

All concur.