STATE of Missouri ex rel. Frank E. US-
KALI and Alice J. Uskali, Relators,

v.

The Honorable LeRoy SNODGRASS,
Judge of the 26th Judicial Circuit of Mis-
souri and of the Circuit Court of Camden
County, Missouri, Respondent.

No. 9473.

Missouri Court of Appeals,
Springfield District.

June 10, 1975.

Warren E. Slagle, Slagle & Bernard,
Kansas City, for relators.

John F. Low, Low & Honssinger, Leba-
non, for respondent.

HOGAN, Judge.

This is an original proceeding in prohibi-
tion. Our preliminary writ issued and the
cause is now taken on the record made in
this court as provided by Rule 84.24, V.A.
M.R.,[1] and the briefs filed by the parties.

On July 21, 1959, relators and Frank and
Doral Parish entered into an agreement to
develop and sell a parcel of land located in
Camden County, Missouri. As immediately
material, the contract provides that in con-
sideration of the discharge of a mortgage, a
payment in cash and an undertaking to

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and V.A.M.R., except
where otherwise noted.

bear the cost of development, Frank and Doral Parish shall "develop" the land described and sell it "by Lots". "[C]omplete control" over the development and sale of the land is vested in Frank and Doral Parish, and paragraph three of the contract provides that at such time as a sale is made, the first parties (relators) will execute all instruments necessary to consummate the sale, including deeds.

Incorporating and attaching a copy of the contract as provided by former Rule 55.24, Frank Parish as plaintiff filed a petition in the Circuit Court of Camden County, alleging the existence of the contract, performance according to its terms and the sale of a developed lot to E. E. and Thelma E. Gebhardt for the sum of $3,850. Parish further averred demand upon the relators for the delivery of a warranty deed, tender of the relators' share of the purchase price and the relators' refusal to deliver a deed. Alleging that he was without an adequate remedy at law, Parish prayed that relators be directed to convey the lot sold to E. E. and Thelma E. Gebhardt, and for general relief.

Having been personally served with process in Jackson County, the relators appeared specially, seeking only to quash the summons and the return of service. In their special motion to quash service, relators alleged that plaintiff Parish was a resident of Camden County, and they were residents of Jackson County; that Parish sought to enforce certain "alleged" contractual rights under the "purported" contract incorporated into the petition, and that the court was without jurisdiction because the venue of the action was improperly laid. The substance of the motion is that the action is not a suit for the possession of real estate nor an action whereby the title to real estate may be affected, and therefore the action should have been commenced in Jackson County. No other motion was filed by the relators. In this court they allege and respondent admits that the motion filed was denied after argument.

In their petition for a writ of prohibition, the relators set out, directly or by reference, the facts just recounted, and then proceed to allege that the respondent is threatening to act in excess of his jurisdiction because the plaintiff seeks specific performance of an alleged contract of sale between the relators as vendors and the Gebhardts as purchasers. It follows, relators argue, that plaintiff Frank Parish is a stranger to the action and lacks the capacity to sue. Alternatively, the relators aver that if the contract of July 1959 is indeed the contract sued on, plaintiff is entitled to no relief, because a broker may not enforce his principal's contract against the vendee in an action for specific performance. Respondent puts the nature of the action in issue by alleging that plaintiff Frank Parish is neither broker, vendor or purchaser, but "has a vested interest" in the realty described in the contract and in the petition. In conclusory language, supplemented by suggestions, the respondent argues that in view of the Supreme Court's construction of the contract of July 1959 in Parish v. Uskali, 393 S.W.2d 507 (Mo.1965), plaintiff has a right to maintain this action against the relators.

No lengthy statement of general principles is necessary for our very limited purposes. It must be remembered, however, that prohibition is an extraordinary remedy to correct and prevent the exercise of extrajurisdictional power, is not a writ of right and should not be employed for correction of alleged or anticipated judicial errors, and does not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings. Knisley v. State, 448 S.W.2d 890, 892 [3] (Mo. 1970); State ex rel. W. A. Ross Const. Co. v. Skinker, 341 Mo. 28, 32, 106 S.W.2d 409, 411 [1, 2] (1937). Admittedly proper venue is necessary before service of process will con-

fer jurisdiction over the person of the defendant, State ex rel. Boll v. Weinstein, 365 Mo. 1179, 1183–1184, 295 S.W.2d 62, 65–66 [4–6] (banc 1956), and we must consider whether the venue of the action is properly laid. The other contentions tendered, in our view, are addressed to the merits of the action, and the relators should not be allowed to circumvent the principle that prohibition is not a substitute for demurrer, appeal or error. State ex rel. Schoenbacher v. Kelly, 408 S.W.2d 383, 395 [17, 18] (Mo. App.1966). In so holding, we realize that prohibition is appropriate and will lie if it clearly appears that a petition presents no justiciable issue, State ex rel. State Highway Commission v. Elliott, 326 S.W.2d 745, 750 [3] (Mo. banc 1959), but no such want of jurisdiction is demonstrated in this court.

Section 508.030 reads as follows: "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated."

█ It seems abundantly clear to us that original venue of the present action is governed by this statute. Both parties cite cases which discuss the jurisdiction of appeals involving "the title to real estate" under Mo.Const. Art. V, § 3, V.A.M.S., prior to amendment of that article in 1970. Those cases consider the requirement, then essential to original appellate jurisdiction in the Supreme Court, that title be directly in issue as well as the requirement that the judgment sought or rendered take title from one litigant and give it to another, but they are nevertheless relevant. Where the relief prayed for and granted was specific performance of a contract to convey realty, there was no doubt that the judgment operated directly upon the title. Domyan v. Dornin, 348 S.W.2d 360, 361–362 [2, 3] (Mo. App.1961). As noted by commentators, this was true because a judgment for specific performance of a contract directly *effects* a

passage of title. 1964 Wash. U.L.Q. § 5.140, p. 577. Even if the suit must be characterized as a suit upon a contract which incidentally requires the relators to deliver a deed as a muniment of title, the result, in our opinion, would be no different. The execution of a conveyance of land located in Camden County could not be ordered by the Circuit Court of Jackson County. Marston v. Catterlin, 290 Mo. 185, 192–193, 234 S.W. 816, 817 [1] (1921). Our preliminary writ in prohibition was improvidently granted, and is hereby discharged.

All concur except FLANIGAN, J., not participating because not a member of the court when the cause was submitted.