STATE ex rel. Carol COBB, Relator,

v.

Honorable Robert G. RUSSELL, Judge of the Circuit Court of Johnson County, Missouri, Respondent.

No. 68617.

Supreme Court of Missouri, En Banc.

April 14, 1987.

Clifford S. Brown, John K. Power, Michael E. Curley, Kansas City, for relator.

Leonard K. Breon, Andrew J. Gelbach, Warrensburg, for respondent.

BLACKMAR, Judge.

Relator Carol Cobb seeks a writ to prohibit the Circuit Court of Johnson County from enforcing its order of October 7, 1985, appointing a commissioner to sell certain real estate situated in Gladstone, Clay County, Missouri. We ordered the cause transferred after a preliminary rule in prohibition was quashed by the court of appeals, with opinion filed. We find that the order by the Johnson County court constitutes an unwarranted interference with a case properly pending in the Circuit Court of Clay County. Prohibition is an appropriate writ to correct this attempted interference. *See State ex rel. J.E. Dunn, Jr. & Assoc., Inc. v. Schoenlaub,* 668 S.W.2d 72 (Mo. banc 1984). We therefore make the preliminary rule in prohibition absolute.

On December 10, 1982, the Circuit Court of Johnson County entered a decree dissolving the marriage of Carol and Bill Cobb and dividing their property. It found, in relevant part, that the family residence located in Clay County and a farm located in Hickory County were marital property. The family residence was ordered sold with the proceeds to be divided 40% to Bill Cobb and 60% to Carol Cobb. The farm was completely set off to Carol Cobb. The decree was affirmed by the court of appeals on July 31, 1984.

On February 23, 1983, while the appeal of the decree was pending, Bill and Carol Cobb entered into a written agreement. Carol agreed to convey to Bill her interest in the farm to prevent an imminent foreclosure. Bill agreed to convey to Carol his

interest in the residence, provided that Carol pay $29,000.00 in cash and execute a release of her right to recover $350.00 a month in temporary maintenance.

Upon Bill's alleged failure to perform, Carol filed an action for declaratory judgment and specific performance in Clay County seeking to enforce the contract insofar as the residence was concerned. A motion to dismiss was filed by Bill and was overruled. Bill then filed a motion for contempt in Johnson County. In response to the motion for contempt, the Circuit Court of Johnson County again ordered the sale of the Clay County residence and appointed a commissioner to conduct the sale. We conclude that this order by the Johnson County court is in excess of its jurisdiction.

The marriage of the parties was dissolved and the decree had become final. They were perfectly competent to contract in relation to the properties assigned to them by the decree. In so doing, they show no contempt toward the dissolution court. They are simply doing with their own as they elect. The decree provision for the sale of the Clay County residence was entered, not as a command of the court that the property be sold, but as a means for giving effect to the property division as ordered in the decree. Bill Cobb could convey his interest in the residence to Carol, so that she owned the entire property. If she owned the entire property, she certainly did not have to see it sold out from under her.

When Carol concluded that Bill had not performed his part of the contract, she had the right to file a civil action in a court of competent jurisdiction to assert her rights. She was not obliged to proceed in the dissolution court, because the contract on which she relied was made after the dissolution, when the parties were entitled to deal with each other at arms' length. The Circuit Court of Clay County apparently concluded

that it had jurisdiction over the parties and over the subject matter of the suit, by overruling Bill's motion to dismiss.

The suit, then, was properly pending in Clay County. Bill has every right to assert any defense he has to the action. He may claim that there was no contract in the first place, or that he is not in default, or that the contract is not specifically enforceable. If the decree goes against him, he may appeal. But he should not be allowed to undertake a collateral attack on the Clay County suit, while it is still pending.

But Bill did just that, in asking the Johnson County Circuit Court to hold Carol in contempt. He is asking that court to sit as a court of review over the Clay County Court. This he is not entitled to do. Carol cannot be in contempt for maintaining a suit which is found to be properly filed by the court in which it is pending.

The existence of the alleged contract and the pendency of the Clay County suit were brought to the attention of the respondent, but he apparently asserted the authority to decide for himself whether the contract was valid and effective. These were the issues in the pending suit in Clay County. The respondent had no authority to oust that court of jurisdiction, or to render its prospective action futile by mooting the issue there pending.

It is not necessary for the relator to demonstrate that the Clay County court has exclusive jurisdiction over the action she filed there. If title to real estate is placed directly in issue, a prudent lawyer would try to resolve any uncertainty by filing suit in the county in which the land is situated in accordance with § 508.030, RSMo 1986.[1] It is sufficient, however, to show that the court was a forum in which the action could have been brought, and it certainly was that. Bill, furthermore, submitted to the jurisdiction of that court by moving to dismiss, and its holding binds him unless he can secure relief on appeal.

1. Section 508.030, RSMo 1986, provides:
   **Actions for real estate, where commenced.**
   —Suits for the possession of real estate, or whereby the title thereto may be affected, or

for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated.

There is absolutely nothing in the statutes or case law which gives the dissolution court exclusive jurisdiction over the parties' subsequent dealings with the property interests assigned to them by the decree. Nothing said here, however, would preclude the respondent from exercising jurisdiction if the Clay County action should be finally decided against the relator.

The preliminary rule in prohibition is made absolute.

HIGGINS, C.J., and BILLINGS and RENDLEN, JJ., concur.

DONNELLY and WELLIVER, JJ., dissent in separate opinion filed.

ROBERTSON, J., dissents and concurs in dissenting opinion of DONNELLY, J.

DONNELLY, Judge, dissenting.

The principal opinion holds that the Johnson County Circuit Court acted without or in excess of its jurisdiction when it attempted to enforce its order for the sale of certain property located in Clay County. The reason given, essentially, is that the venue provision of section 508.030, RSMo 1986, provides that only Clay County may ascertain the validity of the parties' agreement to exchange various properties.

As suggested in the principal opinion, "suits for the possession of real estate, or whereby the title thereto may be affected" must be brought in the county where the property is situated. § 508.030, RSMo 1986. The terms of this section are mandatory and cannot be waived, *Sisk v. Molinaro*, 376 S.W.2d 175, 177 (Mo.1964), and not only preclude other venue but vest jurisdiction of the subject matter in that venue alone. *Gorman v. State Highway Commission*, 552 S.W.2d 335, 336 (Mo.App. 1977). *See also, Marston v. Catterlin*, 290 Mo. 185, 234 S.W. 816, 817 (1921). Within these precepts, it is generally held that suits for specific performance must be brought in the county where the land is situated. *See, e.g., State ex rel. Uskali v. Snodgrass*, 524 S.W.2d 888, 890 (Mo.App. 1975). Thus, it is apparent that the Clay County Circuit Court would generally have jurisdiction over the alleged agreement.

However, the principal opinion is fundamentally flawed when it goes beyond these general principles and concludes that the Johnson County Circuit Court is precluded from enforcing its prior order. The Johnson County Circuit Court has continuing jurisdiction to give practical effect to its unperformed sale order in the December 10, 1982, decree, "for it would be useless for a court to try a cause if it had no authority or means by which it could enforce or protect the rights and interests of the parties involved therein after they had been adjudicated." *State ex rel. Barker v. Assurance Company of America*, 251 Mo. 278, 301, 158 S.W. 640, 648 (banc 1913).

Of course, parties to an action may compromise or otherwise vary the terms of a property distribution in a dissolution decree, or in the words of the principal opinion, "deal with each other at arms' length." *See, e.g., Rodgers v. Rodgers*, 505 S.W.2d 138, 144 (Mo.App.1974) and *Hibdon v. Hibdon*, 589 S.W.2d 646, 648 (Mo.App.1979). But they may not divest Johnson County of its jurisdiction to enforce its order.

Both *Rodgers* and *Hibdon* involved circumstances where a party to a dissolution proceeding agreed to at least partially relinquish her right to *past due* child support and/or maintenance payments. The overdue support and maintenance payments were held to constitute a debt which could be released, but the agreement did not prevent the court from enforcing its order as to *future* payments. *Rodgers, supra,* at p. 144–45; *Hibdon, supra,* at p. 648. Likewise, in the present case, the parties can agree to exchange or convey the real estate previously distributed under the decree but they cannot affect the court's jurisdiction to enforce its sale order unless the court agrees.

More important, the facts and circumstances of this case do not warrant the issuance of the extraordinary writ of prohibition. The principal opinion bases its use of the writ of prohibition on its character-

ization of the Johnson County action [1] as an "unwarranted interference" with the Clay County suit because the relator's ex-husband, Bill, could have asserted his defenses in a counterclaim to the Clay County petition. *State ex rel. J.E. Dunn, Jr. & Assoc., Inc. v. Schoenlaub*, 668 S.W.2d 72 (Mo. banc 1984) is cited therein for the proposition that prohibition is proper in this instance. *Schoenlaub* is distinguishable.

"Interference" cases, like *Schoenlaub*, control a situation where a lawsuit is filed against a defendant in one county, and, while the suit is pending, defendant initiates an identical suit in a different county. *Schoenlaub* does not involve a situation where, as here, the second county's involvement is merely an exercise of its continuing jurisdiction over a previously entered order. If there was "interference," it was with Johnson County's jurisdiction because the sale order was entered as a part of the dissolution decree long before the Clay County suit was ever filed.

The principal opinion prohibits the Circuit Court of Johnson County from proceeding with its valid order of sale entered December 10, 1982, and affirmed by the Western District of the Court of Appeals.

I respectfully dissent.

WELLIVER, Judge, dissenting.

I respectfully dissent.

The majority would issue a writ of prohibition to prevent a judge from enforcing an order which the majority recognizes he had jurisdiction to enter. The majority cites *State ex rel. J.E. Dunn, Jr., & Assoc., Inc. v. Schoenlaub*, 668 S.W.2d 72 (Mo. banc 1984) [1] for this proposition. In *Schoenlaub*, the *second* court was prohibited from interfering with the court which first obtained jurisdiction over an identical action. However, here, the actions in Johnson and Clay counties were different in nature here and the majority prohibits the judge who *first* obtained jurisdiction.

While I agree that the parties "were perfectly competent to contract in relation to the properties assigned to them by the decree," [2] they do not have the power to divest the court of jurisdiction over its order by self-help. *See, e.g., Hibdon v. Hibdon*, 589 S.W.2d 646 (Mo.App.1979); *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App. 1974). Relator should have brought the agreement to the attention of Johnson County Circuit Judge Russell, and, relator should have requested that Judge Russell modify his order which required sale of the house. If Judge Russell had denied relator's motion to modify the order, relator could have appealed that denial as an abuse of discretion.

Accordingly, I would quash the rule in prohibition.

---

1. It is noteworthy that the Johnson County Circuit Court did not hold relator in contempt as Bill Cobb had requested, but instead merely extended the deadline for the property sale and appointed a commissioner to insure that the sale was conducted.

1. *Schoenlaub* is the only case cited in the majority opinion.

2. *State ex rel. Cobb v. Russell*, 727 S.W.2d 877, 878 (Mo. banc 1987).