## GEORGE A. STEVENS, Respondent, v. FLORA STEVENS, Appellant.

### Kansas City Court of Appeals, April 21, 1913.

1. **DIVORCE: Affidavit: Jurisdiction.** The verification required by the divorce statute to be made to a petition for divorce, is a matter of substance, going to the right and jurisdiction of the court to grant the divorce.

2. ———: ———: "Knowledge and Belief:" "Knowledge, Information and Belief." Where the statute requires that a petition for divorce shall be verified by the petitioner by his affidavit that the matters alleged are true "according to his best knowledge and belief," an affidavit that the matters alleged are true "according to his best knowledge, information and belief," is sufficient; since the word "information" neither lessens nor qualifies the statutory form.

3. ———: ———: Conflicting Testimony: Corroboration: Deference to Trial Court. Where the testimony of plaintiff himself as to many intolerable indignities, is corroborated by that of disinterested witnesses and parts of it admitted by the defendant, the decree for plaintiff in the trial court will not be disturbed, as necessarily its finding must be largely deferred to.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*I. J. Ringolsky* for appellant.

(1) It has been held, that refusal of a husband to live with his wife writing her a letter, that he intended to leave her and posting a notice not to credit wife, were not such indignities as would entitle wife to a divorce. Hooper v. Hooper, 19 Mo. 355; Doyle v. Doyle, 26 Mo. 545; Webb v. Webb, 44 Mo. App. 229; Holschback v. Holschback, 144 Mo. App. 247. (2) To plaintiff's petition, he made an affidavit, that the facts contained in the petition are true to his best knowl-

Stevens v. Stevens.

edge, information and belief. This is not a compliance with the mandatory requirements of our statute. The statute requires plaintiff to make affidavit that the allegations in his petition are true to his best ''knowledge and belief.'' Not ''information, knowledge and belief.'' The court therefore is without jurisdiction. Hinkle v. Lovelace, 204 N. W. 208; Burgess v. Martin, 111 Ala. 658.

*Charles L. Shannon* and *Sparrow, Page & Rea* for respondent.

(1) Acts of cruelty need not be sufficiently grave to endanger life, and yet may amount to such indignities as to render plaintiff's condition intolerable. Dawson v. Dawson, 23 Mo. App. 174; McCartain v. McCartain, 37 Mo. App. 471. (2) Vile and abusive language, and unmerited contemptuous, insulting language, will constitute indignities authorizing a divorce. Rose v. Rose, 129 Mo. App. 175.

ELLISON, J.—This is an action for divorce. A decree was entered for plaintiff in the trial court. The affidavit to the petition is stated by defendant to be insufficient and jurisdiction of the court is denied. It is made on the plaintiff's ''best knowledge, information and belief.'' The statute (Sec. 2371, R. S. 1909) requires the petitioner to state that the facts set forth in the petition ''are true according to the best knowledge and belief of the plaintiff.'' So the question is, is an affidavit that certain causes for divorce pleaded in a petition are true according to the affiant's knowledge, *information* and belief, a compliance with a statute requiring an affidavit of knowledge and belief. If the insertion by the affiant of the word ''information'' qualifies the affidavit which the statute requires, such affidavit is, of course, insufficient. The evident purpose of the statute is to prevent any one

from applying for a divorce unless he knows the causes he alleges are true, or believes they are true. If he has information of causes which he does not believe, such causes cannot be a ground for divorce. One party may be informed that the other is a thief, or has committed adultery, and may not believe it, either on the ground of confidence in the accused or lack of confidence in the informant.

In order, as near as possible, to guard against any evasion of the law, great particularity is required in the oath complying with the direction of the statute —a mandatory statute—giving the right to bring an action for divorce only on strict compliance with conditions. The Supreme Court, in Hinkle v. Lovelace, 204 Mo. 208, states that: "The verification required to be made and annexed to the petition in divorce proceedings is a matter of substance, so much so that the court acquires no jurisdiction of the cause without it."

In DeArmond v. DeArmond, 92 Tenn. 40, the following is said relative to an affidavit: "The peace and happiness of society largely depend upon maintaining the marriage relation, and the policy of the State is to encourage and maintain that relation. For the protection of society against the manifold evils that would necessarily flow from the wanton and indiscriminate severing of that relation, the Legislature has declared that divorces shall not be granted, except for certain causes, which are distinctly set out in the statute; and has prescribed what allegations shall be made in the bill or petition for divorce, and how the bill or petition shall be verified. All of these requirements of the statute are for the benefit of society, and not for the benefit of the parties. They are intended to guard against the bad faith and collusion of the parties. The application must show a clean and meritorious case under the statute before the court can take jurisdiction of the cause. The statutory affidavit is an essen-

tial part of the application, and without it there is no jurisdiction."

The particular defect in the affidavit in Hopkins v. Hopkins, 132 N. C. 22, is not stated. It was probably that nothing was said as to levity or collusion or of length of knowledge of charges or time of residence. [See syllabus in 43 S. E. 508.]

Burgess v. Martin, 111 Ala. 656, did not involve divorce proceedings, but it discusses the nature of an affidavit like the one under review. There, a bill in equity was verified by the affiant as "true to the best of his knowledge, information and belief." In stating its meaning the court said: "This, upon the construction most favorable to complainants means that the affiant has knowledge that some of the averments of the bill are true; that while he does not know, he has been informed and believes that others of the averments are true; and that as to yet other averments, he has neither knowledge nor information, but without knowing the facts, or ever having been informed of their truth, he believes them to be true; and whether any particular allegation of the bill is within one or the other of these three categories is wholly uncertain and unascertainable from his verification."

It is not necessary for us to say whether that is a fair construction of the affidavit in that case. But, recognizing fully the jurisdictional importance of an affidavit in conformity to the divorce statute as forcibly stated by our Supreme Court in Hinkle v. Lovelace, supra, and condemning all useless and unnecessary innovations, we have yet concluded the one in controversy is sufficient. As has been already said, the statute requires the petitioner to have knowledge of the facts he sets up or a belief of them; and as one frequently cannot have knowledge of all his charges, the statute allows a belief. Belief of a thing, as distinguished from knowing it, is based on information. But as one may have information he does not believe,

the statute requires him to state his belief of it. The word "information" shows how the affiant came to believe. His mind came to a state of belief from information he obtained. So we therefore conclude that the word "information" did not lessen or qualify the meaning and force of a statutory affidavit.

On the merits of the case we conclude with the trial judge that plaintiff is entitled to a decree. The parties were married on the 20th of October, 1909, and a year thereafter a daughter was born. The evidence in plaintiff's behalf showed many indignities offered him by defendant—indignities of such gross character as to render his condition intolerable. She assaulted him many times and she tore his clothes from him. She struck him in the face and on one occasion she spit in his face. She frequently called him coarse names. There are a great number of these incidents. Space forbids a detailed discussion of them; and it is unnecessary that we should do so, since defendant admits several, and others are proved by disinterested witnesses. Two of these witnesses, whom defendant testified were friends of hers, testified that she assaulted him and tore part of his clothing off him.

Defendant denied the greater part of plaintiff's charges as to her ungovernable temper and cruelties. She denied most of the indignities he specified she had offered him in her conduct, and her testimony showed many palliating circumstances. But the trial court was in better position to determine these things than is this court. While we must determine the facts for ourselves, we must, necessarily, defer largely to the trial court's superior position for getting at the truth of the controversy. [Clark v. Clark, 143 Mo. App. 350.]

The judgment is affirmed. All concur.