ORRIN ROBERTSON, Appellant, v. ESTHER ROBERTSON. -

Division One, February 20, 1917.

1. **DIVORCE:** Verification of Petition: Jurisdiction.   Unless the petition for divorce is accompanied by the affidavit required by the statute, the court acquires no jurisdiction of the case.

2. ———: ———: Unsigned Affidavit.   An unsigned affidavit is no affidavit at all, and where the statute requires an affidavit to accompany the petition, the court does not obtain jurisdiction unless the accompanying affidavit is signed by the proper party. And a divorce decree entered by default upon a petition to which an unsigned affidavit is attached, is void; and especially should an unsigned affidavit in a divorce case be held to be no affidavit at all, because many of the statements which the statute requires the affidavit to include can be known by the petitioner alone, and courts are too often imposed upon in such cases.

3. **PRACTICE IN SUPREME COURT:** Certification from Court of Appeals.   When a case is certified from a Court of Appeals to the Supreme Court, upon the dissent and certification of one of its judges, all questions involved are for consideration in the Supreme Court, just as if the case was one appealable to this court in the first instance.

Appeal from Jasper Circuit Court.—*Hon D. E. Blair,* Judge.

REVERSED AND REMANDED *(with directions).*

*C. W. Bigger* for appellant.

In divorce cases "the petition shall be accompanied by an affidavit." R. S. 1909, sec. 2371. Without which the court acquires no jurisdiction, and the said affidavit must be signed by the plaintiff. Loveless v. Hinkle, 204 Mo. 208. An unsigned affidavit is void. Hargadine v. Van Horn, 72 Mo. 370; Norman v. Horn, 36 Mo. App. 424; Third National Bank v. Garton, 40 Mo. App. 120. This case, is, in point of law and fact, fully within the case of Dorrance v. Dorrance, 242 Mo. 625.

*Griffin & Orr* and *R. M. Sheppard* for respondent.

(1) In the absence of a statute or ruling of court requiring it, the signature of affiant is not necessary for the validity of an affidavit. There is no rule of Jasper Circuit Court, nor is there any statute of the State of Missouri requiring an affidavit to be signed by the affiant. Bouvier Law Dictionary—Title: Affidavit; 1 Ency. Plead. & Prac. p. 313; Anderson Law Dictionary—Title: Affidavit; 1 Words and Phrases, p. 244. "The word affidavit *ex vi termini,* means an oath reduced to writing." State v. Headrick, 149 Mo. 403. "The omission of affiant's signature does not affect the validity of the affidavit." Gill v. Ward, 23 Ark. 16; Watts v. Womack, 44 Ala. 605. "An affidavit in attachment is not void because not subscribed if it was duly sworn to." Fortenheim v. Claflin, 47 Ark. 49; Turpin v. Road Co., 48 Ind. 45; Bates v. Robinson, 8 Iowa, 318; Wynkoop v. Judge, 113 Mich. 381; Bloomingdale v. Chittenden, 75 Mich. 305. "In the absence of a rule of court or statute requiring it, the subscription to an affidavit by the affiant is not necessary." Norton v. Hague, 47 Minn. 405; Brook v. Sneed, 50 Miss. 416; Alferd v. McCormick, 90 N. C. 151; City v. White, 152 Cal. 190; Albritton v. Williams, 132 Ala. 647; Smith

v. Benton, 15 Mo. 371; Laswell v. Church, 46 Mo. 279. "The affidavit and jurat are a part of the petition." Burnes v. Burnes, 61 Mo. App. 618. "When a signature is essential to the validity of an instrument, it is not necessary that the signature appear at the end of the instrument, if the name of the party whose signature is required is written by him in any part of the instrument for the purpose of authenticating it, it is a sufficient signature." 36 Cyc. 449; Moss v. Booth, 34 Mo. 316; Schmidt v. Schmaelter, 45 Mo. 502; State v. Wilcox, 59 Mo. 176. "An instrument is signed where the name appears at the bottom, top, middle or side of a paper, if such name was intended as a signature." 25 Am. & Eng. Ency. Law, 1065. "If by mistake or inadvertence a signature is placed below the jurat this does not render it a nullity." Launius v. Coe, 51 Mo. 147. (2) Sec. 2381, R. S. 1909, prohibits a petition for review in a divorce matter, any law or statute to the contrary notwithstanding. The petition of appellant herein is a petition for a review. The prayer of appellant's petition shows that this is what he seeks to do. He asks that the judgment be set aside and that he be reinstated to his legal rights and given the privilege of answering and defending. Smith v. Smith, 164 Mo. App. 53; Salisbury v. Salisbury, 92 Mo. 683. (3) If, as appellant contends, the decree in the divorce suit was void, then that is the end of it and it does not need this action to void it. The petition of plaintiff treats the decree as being valid. If it is a valid decree then it cannot be reviewed in this sort of an action. If it is void, then it is open to collateral attack at any time. It would appear from reading the petition of plaintiff in this suit that this was an attempt to set aside a judgment in the divorce case on account of fraud. "In order to set aside a judgment for fraud even in a direct proceeding, it must appear that the fraud was practiced in the very act of obtaining the judgment." Fears v. Riley, 148 Mo. 49; Railway Co. v. Mirreiles, 182 Mo. 126; Dorman v. Hall, 124 Mo. App. 9; Smith v. Smith, 164 Mo. App. 53.

GRAVES, J.—This is an action brought for the purpose of annulling a certain decree of divorce entered in the circuit court of Jasper County in the case of Esther Robertson v. Orrin Robertson in February, 1911. The present action was instituted January 2, 1913. The petition herein charges lack of jurisdiction in the circuit court of Jasper County in the case of Esther Robertson v. Orrin Robertson. It also charges fraud in the procurement of that judgment. Upon trial the circuit court dismissed plaintiff's bill and entered judgment against him. From such judgment the plaintiff appealed to the Springfield Court of Appeals, which court by a divided opinion reversed and remanded such cause, with directions to the trial court to enter a judgment for plaintiff on his bill. One of the judges dissented and certified the case here. It therefore reaches us in due form, and is here for consideration from all angles.

In the Court of Appeals the division of the court arose upon the sufficiency of the affidavit attached to the petition of plaintiff in case of Esther Robertson v. Orrin Robertson. In that case the petition is very short, and charges as a ground for divorce:

"But the said defendant wholly disregarding his duties as the husband of the plaintiff, did on said September 16, 1908, desert and leave plaintiff and has absented himself without a reasonable cause for the space of one year, to-wit, since the 16th day of September, 1908, that ever since last named date, defendant wholly disregarding his duties as the husband of plaintiff, has failed and neglected to support plaintiff, has contributed nothing to plaintiff with which to provide for her the necessities of life."

This petition alleges defendant to be a non-resident of Missouri, and had other usual formal allegations. This petition was signed "Esther Robertson, Plaintiff." Following this signature was the following:

"State of Missouri, ⎫ ss.
County of Jasper. ⎭

"On this 16th day of December, 1910, before me, the undersigned notary public within and for Jasper County, Missouri, personally appeared Esther Robertson to me known to be the person described in, and who executed the above and foregoing petition, who being by me duly sworn on her oath did say that she is the plaintiff in the above entitled action and that the facts in the foregoing petition are true according to her best knowledge and belief, and that the complaint is not made out of levity, or by collusion, fear or restraint between the plaintiff and defendant for the mere purpose of being separated from each other, but in sincerity and truth for the causes mentioned in the petition.

"————————————

"In testimony whereof, I have hereunto set my hand and affixed my notarial seal at my office, in Joplin, Missouri, this 16th day of December, 1910.

BEATRICE L. WHITE, Notary Public,

Jasper County, Missouri.

Commission expires Feb. 28, 1914."

It will be noted that the said Esther Robertson did not subscribe to the affidavit, and this was the bone of contention in the Springfield Court of Appeals. The majority opinion held that the circuit court, under these documents, acquired no jurisdiction in Esther's case, and that its judgment should be annulled. The minority opinion contra. Other matters will be stated, if necessity requires.

I. The majority opinion in this case is bottomed on the case of Hinkle v. Lovelace, 204 Mo. l. c. 227. Whilst this court was divided upon some questions in that case, we were a unit in holding:

"The verification required to be made and annexed to the petition in divorce proceedings is a matter of

**Verification of Divorce Petition.** substance, so much as that the court acquires no jurisdiction of the cause without it. See authorities cite'd under paragraph three of this opinion.''

In other words we held that unless a petition for divorce was accompanied by the affidavit required by the statute, the circuit court would acquire no jurisdiction in the case. We see no reason for departing from that rule. In that case the affidavit attached to and filed with the petition, was made by an agent of the plaintiff, and we held that in law it was no affidavit at all. In other words, that the plaintiff was the only person that could make the affidavit required by the statute. The difference between that case and this case is, that in the one the agent undertook to and did make the affidavit, whilst in the other the plaintiff is averred by the notary to have sworn to the facts in the affidavit, but did not sign it. It will be observed that the Hinkle case settles the jurisdictional character of the affidavit, but does not settle the sufficiency of the instrument involved here. That matter we take next.

II. This case presents a very interesting question, and as it comes to this court upon a certification of the **Unsigned Affidavit.** Court of Appeals, all questions involved are here for consideration, as if the cause was one appealable to this court in the first instance. If the affidavit in the divorce case is insufficient to confer jurisdiction, it is because the same is not signed by the plaintiff in that proceeding. The general rule supported by the weight of the authorities, is thus stated in 2 Corpus Juris, p. 357:

''It is generally held that, in the absence of any statute or rule of court requiring a signature, if it clearly appears who made the affidavit, and the fact of his swearing is certified by a proper officer, the affidavit is sufficient, although not subscribed by the affiant.''

The authorities cited do not include Missouri, however. So too we find in 1 R. L. C. 769, the general rule stated in this fashion:

"In the absence of a statute or rule of court to the contrary, it is not necessary to the validity of an affidavit that it have the signature of the affiant subscribed thereto, although all the authorities and general custom recommend as the better practice that it be signed by the affiant."

No Missouri authorities are cited by this author to support the rule. On the other hand, in both of these authorities Missouri is recognized as holding to a different view.

To start with it must be said that our statute as to the affidavit which must accompany a divorce petition (Sec. 2371, R. S. 1909) does not specifically provide for the signature of the plaintiff to the affidavit. The pertinent portion of this statute reads:

"The petition shall be accompanied by an affidavit annexed thereto, that the facts stated therein are true according to the best knowledge and belief of the plaintiff, *and that the complaint is not made of levity, or by collusion, fear or restraint between the plaintiff and defendant, for the mere purpose of being separated from each other, but in sincerity and truth, for the causes mentioned in the petition.*"

But it must be further said ·that the statute does require statements to be sworn to, which are in addition to the statement in the petition. We have italicized the portion of the statute making this requirement. In other words the statute requires (1) an affidavit to the effect that the matters stated in the petition are true, and (2) an affidavit as to the additional matters in the italicized portion of the statute mentioned. All of these last requirements are as to matters within the personal knowledge of the plaintiff, and most of them are things that could be known by no one save and except the plaintiff. This fact alone should require us to proceed with caution in determining what is and what is not an affidavit in a divorce case. The public interest (the third party in every divorce proceeding) would seem to require a rather rigid construction to be given the law. We can see where it could well be said that the law-mak-

ers contemplated, by the use of the word "affidavit" in this particular statute, an instrument duly signed by the plaintiff, to which a proper jurat was affixed by the officer before whom the affidavit was made. This because of the peculiar things required by the statute to be in this affidavit. It is clear that the statute does contemplate that it shall be in writing, because it must be annexed to the petition. It likewise contemplates the jurat of the officer. Does it then contemplate the signature of the plaintiff? We think so. At least that would seem to be the current views of the courts of this State. When we say that, we do not mean to say that our courts have ruled upon the precise question under the divorce statute, but we do mean that we have so ruled under other statutes. Thus in the case of Hargadine v. Van Horn, 72 Mo. 370, we had the exact question under the attachment statute. We have examined the old files in that case. The only trouble with the affidavit there was the absence of the signature of the affiant, as will be seen from page 2 of the abstract of record on file here. The opinion in the Hargadine case is decisive here. It is true that it was by a divided court, but the case stands to date. The holding was to the effect that such unsigned instrument was no affidavit, although there was the proper jurat by the officer.

BLAIR, C., with the unanimous approval of this Division, approved the ruling in the Hargadine case as late as the case of Norman v. Insurance Co., 237 Mo. l. c. 584. True he was not discussing an affidavit in this exact shape, but he was discussing the question of jurisdiction without an affidavit. In Hargadine's case we had held that an affidavit without a signature was no affidavit, and thus the citation of the case. The minority opinion from Springfield Court of Appeals cites us to the case of State v. Headrick, 149 Mo. l. c. 403. This case simply says:

"The word affidavit, *ex vi termini,* means an oath reduced to writing. [1 Ency. Pl. and Pr. 309; 1 Am. & Eng. Ency. Law (2 Ed.), 909, and cases cited.]"

Nothing in that ruling precludes the idea that a signature must be attached to the writing. In Norman v. Horn, 36 Mo. App. 1. c. 424, an affidavit is thus defined:

"An affidavit is a written statement or declaration sworn to before some officer authorized by law to administer oaths, and signed at the end by the affiant or deponent. [Hathaway v. Scott, 11 Paige Chan. 173.]"

This definition comports with the ruling in Hargadine's case, supra.

We have cases which hold that because an affidavit in attachment may be defective in the matter of substantial statements therein, yet this fact does not defeat jurisdiction. Of this line of cases Burnett v. McCluey, 92 Mo. 230, is a type. But these cases do not contravene the rule that an unsigned affidavit is no affidavit at all, nor the further rule that the absence of an affidavit defeats jurisdiction. It should also be considered that in attachment proceedings there is specific statutory authority for amending defective affidavits, and the cases holding that jurisdiction is not defeated by affidavits merely defective in statements, all refer to this statute. But, as said, none of these cases go to the matter involved here. In the Hargadine case we ruled that an unsigned affidavit was no affidavit, and this ruling remains the rule of this court to-day. We see no good reason to depart from it. Especially do we see no good reason to adopt a different rule in divorce cases. Too often the courts are imposed upon in such cases. To require the statutory affidavit to be signed by the plaintiff is but another safeguard.

The majority opinion of the Springfield Court of Appeals is right. Let the judgment *nisi* be reversed and the cause remanded with directions to the circuit court to enter up a judgment for plaintiff herein annulling the decree of divorce in Esther Robertson v. Orrin Robertson, as prayed for in plaintiff's bill. It is so ordered. All concur; *Bond, P. J.,* in result.