STATE OF MISSOURI EX REL., GEORGE KNAPP, RELATOR, v. HONORABLE RAY G. COWAN, JUDGE, DIVISION NO. 7, OF THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, RESPONDENT.—88 S. W. (2d) 424.

Kansas City Court of Appeals. November 12, 1935.

*W. I. Potter* for relator.

*Roy E. Smith* for respondent.

SHAIN, P. J.—This cause originated in this court by the relator, on July 2, 1935, filing a petition for writ of prohibition.

A preliminary writ of prohibition was issued by Judge TRIMBLE, of this court, on July 2, 1935.

The respondent filed return to preliminary writ in due time, to-wit, July 15, 1935. On July 23, 1935, relator filed motion for judgment on the pleadings. On the pleadings thus made up the cause was submitted on briefs duly filed by both parties to the cause.

The facts culminating in the issue herein are substantially as follows: On July 17, 1933, one Elsie Knapp instituted a suit for divorce in the Circuit Court of Jackson County, Missouri, against the relator herein. Due summons was issued and served on the relator.

It appears that relator duly entered his appearance and filed a motion to make petition of plaintiff more definite and certain.

On January 5, 1934, same being the 44th day of the November term, 1933, of said court, the aforesaid divorce cause was taken up in due course by respondent herein and relator, being defendant in said cause, made default, whereupon the cause was submitted to the court upon the pleadings and evidence and judgment was against the relator and for the plaintiff in said cause and plaintiff was decreed a divorce, custody of children and was granted alimony against the relator in the sum of $50 per month and $25 per month for support of the children.

It appears from the record that plaintiff's divorce petition while it had an affidavit attached duly signed by the plaintiff, the same was in blank as to the jurat, in other words, as it appeared the same was not shown as sworn to.

It is shown that on June 14, 1935, the relator, defendant in said divorce suit, filed a petition in said case and in aforesaid court to annul said divorce decree in favor of the said Elsie Knapp. The relator's petition was based upon the showing of the record to the effect that the plaintiff's petition had not been sworn to. The relator's contention being that the omission of jurat deprived the court of jurisdiction to hear and determine the cause and that therefore the decree of the court was null and void.

Subsequent to the above, to-wit, on June 26, 1935, said Elsie Knapp, plaintiff in said divorce suit, filed in said court a motion for leave to amend plaintiff's said petition to conform to the facts. In this motion said plaintiff made claim that before filing said petition she had sworn to same before a notary public and that said notary by inadvertence

had failed to certify to same. The plaintiff in said motion asked allowance for attorney fees.

On July 1, 1935, plaintiff's aforesaid motion to amend was taken up by the court. At said hearing relator made special appearance and filed motion to dismiss the aforesaid motion. This motion to dismiss was overruled by the court.

Thereafter, it is alleged the court, respondent herein, threatened and intends on Wednesday the 3rd day of July, 1935, to sustain the motion of the said Elsie Knapp to amend said petition and to enter orders for attorney fees.

The above threatened action of the circuit court is herein sought to be restrained.

The only question, in the proceedings at bar, is the question as to whether or not a circuit court at a subsequent term has the power to allow an amendment to supply the deficiency of a jurat to the affidavit so as to conform to the fact.

It is unquestionably the law that in order to confer jurisdiction to the court in a divorce proceeding there must be attached to plaintiff's petition a proper affidavit.

It is universally held in Revised Statutes Missouri, 1929, section 1351, that in a divorce proceeding an unsigned affidavit is no affidavit even though attested by notary or other proper authority. [Robertson v. Robertson, 270 Mo. 137, 192 S. W. 988.]

It follows that an unsigned affidavit to a divorce petition could not be amended at a subsequent term.

A different question from the above is involved in the case at bar. In the above case the omission is the omission of signature. In the case at bar the affidavit is shown to have been signed and if the allegations in her motion be upheld by the testimony it establishes the fact that the affiant not only signed the affidavit but that she also solemnly swore to the same before a proper official. It therefore follows that to permit an amendment does not supply for any defect caused by the action of the affiant. The amendment goes to a mere failure on the part of the notary to attest as done what was actually done.

In consideration of the question at bar it must be conceded that the court in divorce proceedings has no common law jurisdiction. The jurisdiction is purely statutory. [Watts v. Watts, 304 Mo. 361, 263 S. W. 421.]

According to our statutes the affidavit required to be attached to a divorce petition is a matter of substance. The subsequent supplying of such an affidavit on or after the day the decree is entered cannot cure the defect as to jurisdiction. [Hinkle v. Lovelace, 204 Mo. 227, 102 S. W. 1015.]

In the case of Stevens v. Stevens, 170 Mo. App. 322, 156 S. W. 68, Judge ELLISON of this court, in speaking of the required affidavit,

says: "The evident purpose of the statute is to prevent anyone from applying for a divorce unless he knows the causes he alleges are true, or believes they are true."

The question arises as to whether or not the purpose as expressed above is met where, before filing, the plaintiff signed and actually swore to a proper worded affidavit before a notary and the said notary inadvertently failed to evidence the same by attesting same as subscribed and sworn to before him.

The respondent herein in support of contention that amendment is admissible after judgment cites sections 822, 1099, 1100, Revised Statutes Missouri, 1929.

Before the above sections can have bearing on the issue here presented, the very question involved must be determined in the affirmative, to-wit, that the court had jurisdiction to render the judgment in the first place. If the court had not jurisdiction under the petition filed, certainly no amendment after judgment could confer jurisdiction.

As before stated, relator's contention is that the signed affidavit attached to the petition is a nullity by reason of the fact that the notary's jurat was missing.

While the Missouri rule is that an unsigned affidavit is no affidavit and therefore cannot be amended so as to confer jurisdiction after judgment, still no such rule has been applied as to missing jurat.

The generally accepted doctrine is that the jurat is not such a part of the affidavit that the omission will render the affidavit a nullity. [2 C. J., page 359, par. 99.]

The above seems to be the rule in Missouri.

In Cooley v. K. C. P. & G. R. R. Co., 149 Mo. 487, the Supreme Court in the opinion says:

"Section 2114, Revised Statutes 1929, expressly provides that the omissions, imperfections, defects and variances mentioned in the preceding section (2113), and others of like nature, not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court when the judgment shall be given, or by the court into which such judgment shall be removed by writ of error, or appeal. No reason is therefore seen why the omitted jurat could not have been supplied by leave of either this or the circuit court, even after the judgment or reversal was given by the court. [Bergesch v. Keevil, 19 Mo. 127; Crum v. Elliston, 33 Mo. App. 591.]"

The affidavit attached to the petition before us in this proceeding conforms in every respect to the statutory requirements with the exception of the jurat. We appreciate the fact that an attached affidavit is prerequisite to jurisdiction in divorce proceedings and are mindful of the fact that the State is an interested party to such proceed-

ings, however, we see no reason why an amendment as to the jurat, in cases where it can be shown that the affidavit was actually sworn to before filing of the petition, cannot be supplied after judgment, and, by way of comment it might be said that refusal to amend a decree of divorce for such failure seventeen months after made might bring about results more disturbing to the public than the decree in the first instance.

We conclude that the attached, signed affidavit though minus the jurat was sufficient to confer jurisdiction on the court and that therefore under the provisions of section 822, Revised Statutes Missouri, 1929, the court upon a proper showing can permit the same to be amended in accordance with the facts.

It appears that the only undisposed of matter before the circuit court is the undisposed of motion to amend. The temporary writ issued was therefore directly as to the question of the circuit court's jurisdiction to proceed as to said motion.

Under the conclusions reached and stated above, the temporary writ should be quashed. It is so ordered and permanent writ is denied. All concur.