**Cheryle Sue HIBDON, Appellant,**

v.

**Charles Edward HIBDON, Respondent.**

**No. 41175.**

Missouri Court of Appeals,
Eastern District.

Oct. 23, 1979.

William G. Reeves, Farmington, for appellant.

Michael L. Maynard, Flat River, for respondent.

CLEMENS, Senior Judge.

Petitioner and wife have appealed the trial court's order quashing a writ of garnishment previously issued by the court to enforce payment of her temporary maintenance and child support allowances. The respondent-husband sought quashal on the asserted ground that his wife had, contrary to the court's order, taken the child and left the state "for parts unknown."

■ The record reflects the following pertinent factors: In June 1977 the wife filed her petition for dissolution and child custody, and the court granted her temporary child custody, $75 a week maintenance and $37 a week child support. Three months later the court ordered the allow-

1. Section 452.310, Laws 1973, requires both a petition for divorce and answer thereto be verified. Such verification is jurisdictional.

ances paid into court. In September 1977 the husband filed an unverified answer also seeking dissolution and child custody.[1]

In September 1978 the wife was granted execution for $4,144 in unpaid allowances. Thereafter, from October to December the husband paid into court $675 for maintenance and $111 for child support. In October 1978: the husband filed a motion to quash the execution on the grounds he had paid "certain funds" on the judgment and that petitioner had, contrary to the court's order, taken the child out of the state; *the wife then dismissed her petition* without prejudice; the garnishee filed answer asserting it held $1,101 of the husband's funds. On October 27, 1978 the court took up the husband's motion to quash; the wife was represented by counsel but did not appear in person; the parties then stipulated there "was no dispute as to the amount of alleged arrearage prior to 1978, January 1." At the hearing the gist of the husband's uncontradicted evidence was that at first he had to pay his wife "50 or 100" to get to see their child, and, in addition to paying her $112 a week, had to buy the child's clothing and was willing to pay child support; that he bought his wife a car for $1000 on her promise that he would not have to pay her maintenance until "the price of the car was ate up."

■ At the outset we must note a significant point in this proceeding: On October 17, 1978, just six days after the husband had moved to quash the garnishment, the wife dismissed her petition. That had no effect on the unpaid amount under the June 30, 1977 order granting temporary allowances, but the dismissal terminated the husband's liability for future allowances. In *Gross v. Gross*, 319 S.W.2d 880[4, 5] (Mo. App.1959), we held pendente lite allowances are temporary pending final disposition of the divorce action. In *Williams v. Williams*, 349 S.W.2d 422[3, 4] (Mo.App.1961) we held temporary allowances, although incidental to the suit for divorce, are in force only

*McCarthy v. McCarthy*, 300 S.W.2d 394[9] (Mo.1957), citing *State ex rel. Knapp v. Cowan*, 230 Mo.App. 226, 88 S.W.2d 424[1] (1935).

during pendency of the underlying suit. To the same effect in an action to quash execution, see *Lohmann v. Lohmann*, 246 S.W.2d 368[3–5] (Mo.App.1952). This is statutorily applicable to child support. Section 452.380 2. declares: "If a proceeding for dissolution of marriage or legal separation is dismissed, any temporary custody order is vacated . . . ." It follows that the trial court upon dismissal of the petition lost jurisdiction to thereafter continue in force its continuing order for temporary allowances.

On the wife's appeal she first contends the court erred in quashing her garnishment because, she says, the court based that ruling on her act in removing the child from the state contrary to the court's order. If that was, in fact, the ground for the court's order for quashal it would have been improper because § 452.365, RSMo.1973 Supp., provides a debtor's obligation to pay support or maintenance allowances is not suspended by the beneficiary's failure to comply with the terms of the temporary order. Although that ground for quashal was pleaded, it is not in the court's final order:

> "AFTER HEARING THE EVIDENCE of Respondent and Argument of Petitioner's Counsel the Court sustains Respondent's Motion to Quash Garnishment above styled; and further orders that such funds that are presently held under said Garnishment to the Circuit Clerk of St. Francois County, Missouri, be released to the Respondent with the exception of Seventy-Five Dollars ($75.00) which is to be held by the Circuit Clerk of St. Francois County, Missouri."

We deny the wife's first point.

By her second and third points the wife contends the court erred in discharging the husband from making maintenance payments to the extent of the $1,000 value of the car he bought at her request. She contends this agreement was void because it was not in writing, which is required of property settlements. The parties' agreement was to allow the husband credit for $1,000 on the wife's maintenance allowance. It was not a property settlement; it was an executed agreement to partially settle the husband's debt to her for decreed maintenance. The parties had a right to so contract. *Cervantes v. Cervantes*, 239 Mo.App. 932, 203 S.W.2d 143[3] (1947). Nor do we find anything unconscionable in the agreement; the wife wanted her husband to buy her a $1,000 car in lieu of weekly maintenance, and he did so. We hold the court did not, to the extent of this $1,000, err in that limited quashal of the garnishment.

By her last point the wife contends the court erred in quashing the garnishment because, even allowing for the $1,000 claimed credit, she had an unsatisfied judgment for an amount in excess of the funds held by the garnishee. We agree. The issue was squarely ruled by this court in *Hedgecorth v. Hedgecorth*, 463 S.W.2d 596[6–10] (Mo.App.1971), where the defendant, as here, sought to quash an execution based on a partly paid judgment. We held there, and so hold here, that "the execution should be allowed to stand as to that part which remains unpaid and quashed only as to that part which has been paid."

The cause is reversed and remanded to the trial court with instructions to set aside its order quashing the execution and garnishment, except as to the $1,000 credit and such other payments the husband has by then made on the judgment for temporary maintenance and child support.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.