**Patricia Lorine AMEDEI,**
**Appellant/Respondent,**

v.

**Waldo Francis AMEDEI,**
**Respondent/Appellant.**

**No. WD 43011.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1990.

James J. Wheeler, Keytesville, for appellant/respondent.

Louis F. Cottey, Kirksville, for respondent/appellant.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

The marriage between Patricia Amedei and Waldo Amedei was dissolved by decree on July 14, 1988. To the marriage was born one child, Jessica Dawn Amedei. In this consolidated case, both parties appeal from a post-dissolution judgment purporting to define Waldo Amedei's visitation rights with Jessica.

In the original judgment entry, Patricia Amedei was granted custody of Jessica. The court ordered as follows:

... that Petitioner (wife) is awarded the full-time custody of Jessica Dawn Ame-

dei, born April 22, 1987, subject to Respondent's reasonable rights of visitation and specific visitation every other weekend, beginning at 8:00 a.m. on Saturday and returning said child at 8:00 a.m. on Monday. In addition, parties shall divide the major holidays in an alternating sequence and alternating years, and Respondent shall have two weeks of summer visitation in 1988, three weeks of summer visitation in 1989, and four weeks of summer visitation in 1990. Petitioner shall have reasonable visitation with the child during the summer visitation periods.

On May 31, 1989, Waldo Amedei filed a motion entitled, "MOTION FOR CONTEMPT, TO DEFINE NONCUSTODIAL PARENT'S VISITATION IN DETAIL AND TO MANDATE COMPLIANCE BY CUSTODIAL PARENT." Essentially, the motion alleged that Patricia Amedei refused to permit Waldo Amedei to have visitation with Jessica at any other times than those actually scheduled in the judgment entry and refused to allow holiday visitation as ordered by the court, specifically, Memorial Day. In addition to his request that Patricia Amedei be required to show cause why she should not be held in contempt, Waldo Amedei requested, among other things, an order defining his visitation in detail.

A hearing was held on the motion September 19, 1989, following which a ruling was entered on Waldo Amedei's motion. The ruling modified the original judgment entry of July 14, 1988, dissolving the marriage in the following pertinent respects:

Respondent shall have visitation rights and temporary custody of the subject child every other weekend from Saturday at 9:00 a.m. until Monday at 3:00 p.m. with the first weekend for respondent's visitation under the order being that of February 3, 1990. Additionally, respondent shall have visitation and temporary custody on even numbered holidays in even numbered years and odd numbered holidays in odd numbered years. Said holidays are as follows:

1. Martin Luther King Day
2. April 1
3. Child's birthday
4. Memorial Day
5. July 4
6. Labor Day
7. Veteran's Day
8. Thanksgiving Day
9. Christmas Eve
10. Christmas Day

With a holiday being the period from 9:00 a.m. on the day of to 9:00 a.m. on the day following.

Further, respondent shall have visitation and temporary custody for four weeks during each summer between June 1 and September 1. Respondent shall give petitioner at least sixty days advance notice before exercising these extended periods of temporary custody.

The Motion For Contempt and To Mandate Compliance by Custodial Parent was overruled. It is from the foregoing amended portion that both parties appeal.

Patricia Amedei presents three points on appeal. In her first two points, she alleges that it was error for the trial court to modify the dissolution decree because there were no allegations, proof or findings of a change in circumstances requisite to a modification and because the original decree adequately defines weekend visitation.

Initially, it is noted that the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) control the present appeal. Therefore, the decision of the trial court will be upheld unless there is no substantial evidence to support it or it is against the weight of the evidence. *Id.* The trial court's judgment will be set aside by this court only if there exists a firm belief that the judgment is wrong. *Id.* See also, *Pulliam v. Sutton*, 728 S.W.2d 252, 254 (Mo. App.1987).

Waldo Amedei responds initially that the present proceeding was not one of modification. Rather, he argues, he merely sought and received a definition of "reasonable rights of visitation", in that the court expanded his specific weekend visitation to include those "reasonable rights." Additionally, he responds that even if the pro-

ceeding is treated as a modification, there was shown a sufficient change in circumstances, namely that Patricia Amedei wrongfully refused visitation, to support said modification.

It is unnecessary for purposes of this appeal to engage in a lengthy discussion of what does or does not constitute a modification of visitation or whether the trial court's ruling on Waldo Amedei's motion was merely a definition of reasonable visitation. Waldo Amedei invoked the jurisdiction of the trial court by way of his MOTION FOR CONTEMPT, TO DEFINE NONCUSTODIAL PARENT'S VISITATION IN DETAIL AND TO MANDATE COMPLIANCE BY CUSTODIAL PARENT. The language used by the trial court gives some indication as to the nature of the ruling and provides:

> The court being fully advised now finds that it is in the best interest of the parties minor child Jessica Dawn Amedei that the decree entered in this matter on 14 July, 1988, be *modified* with respect to defining visitation rights as follows: (Emphasis added).

Whatever one chooses to call it, it is clear that the ruling modified the original judgment entry and therefore, it will be reviewed as a modification.

Section 452.400, RSMo Cum.Supp.1989 is applicable herein and provides in pertinent part:

> 1. A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development. The court shall define the noncustodial parent's visitation periods in detail at the request of either party.
>
> 2. The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development. . . .

■ Proceedings to modify visitation are governed by the same principles as those which govern disposition of a motion to change custody. *Pulliam v. Sutton*, 728 S.W.2d 252, 253 (Mo.App.1987). In order for a custody decree to be modified, the court must find that: (1) facts arising since the prior decree have given rise to change in circumstances of the child or his custodian, and (2) modification is necessary to serve the best interests of the child. *Id.*

It is not necessary to set forth the evidence in a lengthy discussion. Suffice it to say that apparently there was no problem between the parties regarding weekend visitation. Such was not the case, unfortunately, with regard to what constituted holiday, summer and "reasonable rights" of visitation. The testimony of both parties reveals that there exists a great deal of conflict remaining between the parties, the resolution of which is within the province of the trial court.

■ In all cases, the overriding duty of the court is to serve the best interest of the child. *McCammon v. McCammon*, 680 S.W.2d 196, 202 (Mo.App.1984). Where the evidence supports the conclusion that the custodial parent has interfered with the decretal rights of visitation by the non-custodial parent, the court may consider the interference in determining the welfare of the child. *Id.* Such interference may amount to a change of condition of the child sufficient to justify modification. *Id.*

■ The trial court could have found that from the very issuance of the decree Patricia Amedei exhibited a rigid and inflexible approach in interpreting the visitation provisions of the decree. In fact, Patricia testified that she considered herself as sole arbiter in determining what constituted a major holiday and whether a particular holiday is a major holiday. She was also of the opinion that what the judge said in the divorce decree constituted reasonable visitation despite the language in the decree granting both reasonable and specific visitation. The trial court also could have found that Patricia Amedei interfered with

Waldo Amedei's attempts to contact Jessica by telephone.

The trial court noted that the divorce decree contained sweeping language regarding alternating holidays. From the evidence, the trial court could have found that Waldo Amedei was a caring, loving parent with a genuine concern for his daughter's welfare and a desire to spend more time with her. In this particular situation, the sweeping language of the divorce decree together with Patricia Amedei's self-appointed arbiter status gave rise to circumstances wherein she was in a position to control what she thought to be in the child's best interest and as a by-product, interfere with Waldo Amedei's visitation privileges.

The trial court's resolution of the evidentiary conflicts was obviously in Waldo Amedei's favor, inasmuch as its modifying order necessarily was based on finding that his reasonable rights of visitation have not been satisfied nor has visitation on major holidays been observed by conditions imposed by Patricia Amedei. Clearly, the trial court was motivated by what was believed to be in the best interest of the child.

It is the policy of this state to encourage the continued interest, love and affection of divorced parents for their children and to afford children ample opportunity for close contact with both parents. *Tucker v. Tucker*, 778 S.W.2d 309, 313 (Mo.App. 1989). In resolving the conflicting claims of parents, the welfare of the child is always the court's first consideration to which the parents own wishes and personal desires must yield if opposed to such welfare. While the parties' relationship is anything but amicable, there is no question that both of them love their child.

The record herein does not indicate that the child should be afforded less than the opportunity of having all reasonable contacts with both parents. The trial court by expanding the visitation privileges of Waldo Amedei and specifically setting forth what are to be considered major holidays obviously was seeking to provide the child with such opportunity. However, no amount of detail can overcome the conflict between the parties themselves and it is impossible for any court to dictate reasonableness.

It is obvious that without the more specific definition of Waldo Amedei's visitation privileges the controversy would continue to become more aggravated. It would be the ideal situation to have parties who are willing to be flexible and act in the best interest of their child, dealing with problems as they arise. Since they must have future dealings with one another in relation to their child, it would behoove both parties to rise above their own selfish attitudes and act as adults with regard to visitation with their child.

This court must heed the caution pronounced in *Murphy v. Carron*, 536 S.W.2d at 32, especially in domestic cases, where testimony is often sharply divergent and lawyers are prone to reargue the facts on appeal. See, *Brown v. Brown*, 676 S.W.2d 519, 520 (Mo. banc 1984). The trial court is in the best position to weigh the conflicts and to judge the credibility of witnesses. Herein, the trial judge was in the best position to make a decision and, from the record, this court is unable to conclude that the decision regarding visitation was wrong for any of the reasons set forth by Patricia Amedei. Her points one and two are denied.

In her third point, Patricia Amedei alleges the trial court erred in denying her motion for fees, costs and expenses. The trial court has broad discretion in ordering payment of attorney fees. *Atwood v. Atwood*, 664 S.W.2d 673, 675 (Mo.App.1984). The award is reviewable only for an abuse of discretion. *Id.* An award of attorney's fees "is justified only upon a showing of 'very unusual circumstances' justifying deviation from the general rule that each party to litigation bear his own costs." *In re Marriage of Hoglen*, 682 S.W.2d 179, 182 (Mo.App.1984). No such showing has here been made. This point is denied.

In his appeal, Waldo Amedei presents three points. In all three points he charges error with certain provisions of the trial court's modification. In point one, he takes issue with the trial court's refusal of his

requests for reasonable weekday visitation, for reasonable visitation during the time his employment is shutdown for the Christmas season, for weekly telephone contact with Jessica, for an additional period of summer visitation and for elimination of any necessity of returning Jessica to her mother between any two consecutive periods of his visitation. Waldo Amedei charges that by refusing his aforementioned request the trial court abused its discretion, misapplied the law, failed to recognize and give effect to the public policy of this state and the order was against the weight of the evidence. This court disagrees. It is not necessary to once again engage in a lengthy discussion as to the rationale which obviously formed the basis for the trial court's modification. Waldo Amedei's point one is resolved on the same legal principles as was Patricia Amedei's points one and two. The portions of the order herein alleged to be erroneous by Waldo Amedei are not born out by the record and no abuse of discretion appears. Waldo Amedei's point one is ruled against him as being without merit.

In point two, Waldo Amedei challenges the provision of the trial court's ruling requiring him to give sixty (60) days notice before exercising summer visitation. He argues on appeal that he would be unable to afford this notice because his employer does not give him that much advance notice of when he will be permitted to take his summer vacation. No such evidence was presented at the hearing herein. Waldo Amedei first raises this concern in his Motion for New Trial and there was no hearing held on the motion.

Once again, this court is not in a position to second guess the trial court, especially in cases such as these where the parties cannot even agree as to the most minor detail. The trial court, therefore, must set forth rules in these situations which will obviously not be acceptable to everyone concerned. When the parties cannot act as reasonable mature adults with the best interests of their child as the paramount consideration, the court is placed in the difficult position of setting clearly defined rules that in the court's exercise of discretion come as close as inflexible rules can to serve the interests of the child first and the parties second. The trial court properly exercised its discretion in requiring that Waldo Amedei give sixty (60) days notice before exercising his summer visitation. Point two is denied.

In his final point, Waldo Amedei alleges that the trial court erred in its amended ruling by simply defining the Memorial Day holiday as "Memorial Day (observance)" rather than Memorial Day (national observance) because the evidence was that it was the national observance rather than the traditional observance that is available to him by his employer.

Following the ruling, Waldo Amedei filed a Motion for New Trial wherein he pointed out that the ruling of the court failed to denominate the Memorial Day holiday as the "national observance" and not the "traditional observance." Thereafter, the trial court amended its ruling by replacing "Memorial Day" with "Memorial Day (observance)."

Obviously, the court was aware of the problem, and it is the national observance that is referred to. To finally put this issue to rest, this court likewise finds that it is the national observance, i.e., the Memorial Day which always falls on a Monday, that is the definitive day for visitation. The trial court did not err. Point three is denied.

In view of the foregoing, the judgment of the trial court and its subsequent amended judgment is, in all respects, affirmed.

All concur.